UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PALLADIAN PARTNERS, L.P.,
*One Nexus Way, Camana Bay,*
*Grand Cayman, KY1-9005, Cayman Islands*;

HBK MASTER FUND L.P.,
*PO Box 10008, Willow House, Cricket Square,*
*George Town, KY1-1001, Cayman Islands*;

HIRSH GROUP LLC,
*511 Sixth Avenue, #513, New York, NY 10011*; and

VIRTUAL EMERALD INTERNATIONAL LIMITED,
*Craigmuir Chambers, Road Town,*
*Tortola, VG 110, British Virgin Islands*,

    *Plaintiffs*,

  -against-

THE REPUBLIC OF ARGENTINA,

    *Defendant*.

Case No.:_____

**COMPLAINT**

  Plaintiffs Palladian Partners, L.P. ("***Palladian***"); HBK Master Fund L.P. ("***HBK***"); Hirsh Group LLC ("***Hirsh***"); and Virtual Emerald International Limited ("***Emerald***" and, collectively, "***Plaintiffs***") by and through their undersigned counsel, for their Complaint against defendant the Republic of Argentina ("***Argentina***" or the "***Republic***"), allege as follows:

**NATURE OF THE ACTION**

  1. This action is brought pursuant to the Uniform Foreign-Country Money Judgments Recognition Act of 2011, D.C. Code § 15-361 *et seq.* (the "***DC Act***"), and the Foreign Sovereign Immunities Act of 1977, 28 U.S.C. § 1602 *et seq.* (the "***FSIA***"), seeking the recognition and enforcement of a final money judgment rendered in a June 9, 2023 order by the High Court of

Justice, King's Bench Division, Commercial Court in London, England (the "**English Trial Court**") against Argentina—as modified by a June 21, 2024 order by the Court of Appeal in London, England (the "**English Appellate Court**"). A true and correct copy of the English Trial Court's order (the "**Trial Court Judgment**") is annexed as Exhibit 1. A true and correct copy of the English Appellate Court's order (the "**Appellate Court Judgment**" and, together with the Trial Court Judgment, the "**English Judgments**") is annexed as Exhibit 2.

2.  The Plaintiffs hold Euro-denominated Securities (ISIN XS0209139244) issued by Argentina in 2005 and in 2010 and linked to its Gross Domestic Product ("**GDP**") (the "**Securities**"). The Securities provide for payments based on Argentina's GDP on an annual basis up to 2034.

3.  The Securities are governed by a Trust Indenture dated June 2, 2005 (the "**2005 Indenture**"), between Argentina as an Issuer and the Bank of New York Mellon as Trustee ("**Trustee**"), as amended by a First Supplemental Indenture dated April 30, 2010 (the "**2010 Indenture**" and, together with the 2005 Indenture, the "**Indentures**"), and the Terms and Conditions (the "**Terms**") set forth in the certificate representing the Securities. A true and correct copy of the 2005 Indenture is annexed as Exhibit 3; a true and correct copy of the 2010 Indenture is annexed as Exhibit 4; and a true and correct copy of the certificate representing the Securities, containing the Terms, is annexed as Exhibit 5.

4.  The Terms state in relevant part that if provisions of the Indentures "conflict with the provisions set forth in [the Terms], the latter shall control for the purposes of [these Securities]." Ex. 5, ¶ 1(a).

5. The Plaintiffs sued Argentina under the Indentures and the Terms in the English Trial Court, alleging breach of contract and seeking payment of the amounts due under the Securities for the year 2013, plus interest, as well as other relief.

6. On June 9, 2023, the English Trial Court rendered a money judgment against Argentina in favor of the Plaintiffs. The English Trial Court stayed execution of the Trial Court Judgment until Argentina had exhausted its options for appeal. Argentina appealed the Trial Court Judgment; on June 21, 2024, the English Appellate Court issued the Appellate Court Judgment confirming the Trial Court Judgment.

7. On October 14, 2024, the English Judgments became final and unappealable in the United Kingdom against Argentina, after the Supreme Court of the United Kingdom (the "**UK Supreme Court**") refused Argentina's request for permission to lodge a further appeal. A true and correct copy of the UK Supreme Court's Order is annexed as Exhibit 6.

8. On May 9, 2025, Argentina sent the Plaintiffs a letter tabulating the outstanding amounts it owed under the English Judgments ("**Argentina's Letter**"). In the letter, Argentina admitted that more than EUR 1.5 billion of the English Judgments remains outstanding and unpaid. A true and correct copy of Argentina's Letter is annexed as Exhibit 7.

9. On June 12, 2025, the Plaintiffs responded to Argentina's Letter largely agreeing with its calculations and proposing minor corrections (the "**Plaintiffs' Response**"). A true and correct copy of the Plaintiffs' Response is annexed as Exhibit 8.

10. By this action, the Plaintiffs seek entry of judgment recognizing and enforcing the English Judgments and awarding money damages for the outstanding unpaid balance of the English Judgments, plus costs and interest.

## THE PARTIES

11. Plaintiff Palladian Partners, L.P. is a limited partnership organized under the laws of the Cayman Islands, located at One Nexus Way, Camana Bay, Grand Cayman, KY1-9005, Cayman Islands.

12. Plaintiff HBK Master Fund L.P. is a limited partnership organized under the laws of the Cayman Islands, located at PO Box 10008, Willow House, Cricket Square, George Town, KY1-1001, Cayman Islands.

13. Plaintiff Hirsh Group LLC is a limited liability company organized under the laws of Delaware, with its principal place of business in New York. Its sole member is Kenneth Hirsh, an individual residing in New York.

14. Plaintiff Virtual Emerald International Limited is a company organized under the laws of the British Virgin Islands, located at Craigmuir Chambers, Road Town, Tortola, VG 110, British Virgin Islands.

15. Defendant Argentina is a foreign state, as defined by the Foreign Sovereign Immunities Act (the "**FSIA**"), 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

16. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1330(a) because Argentina is a foreign state, and because the waiver exception to foreign sovereign immunity set forth in 28 U.S.C. § 1605 (a)(1) is satisfied.

17. In particular, the Terms state that "the Republic irrevocably submits to the jurisdiction of the courts of England ... (each, a '*Specified Court*') over any suit, action or proceeding against it ... with respect to the Securities of this Series ... (a '*Related Proceeding*)." Ex. 5, § 17(a). The English Trial Court is a valid Specified Court, and the Plaintiffs' proceeding

4

against the Republic in that court is a valid Related Proceeding. *See infra* Factual Background, § II.A.

18. The Terms also state that "The Republic agrees that a final non-appealable judgment in any Related Proceeding (the '*Related Judgment*') shall be conclusive and binding upon it and may be enforced ... in any other courts to the jurisdiction of which the Republic is or may be subject (the '*Other Courts*'), by a suit upon such judgment." Ex. 5, § 17(a). The English Judgments became valid Related Judgments after the UK Supreme Court refused the Republic's application to lodge a further appeal. *See infra* Factual Background § II.C. This court is a valid "Other Court" as the Republic "may be subject" to its jurisdiction, Ex. 5 § 17(a), "as to any claim for relief ... with respect to which [the Republic] is not entitled to immunity" under the FSIA, 28 U.S.C. § 1330(a).

19. Finally, as relevant here, the Terms also state that "to the extent that the Republic ... shall be entitled ... in any jurisdiction in which any ... Other Court is located in which any suit, action or proceeding may at any time be brought solely for the purpose of enforcing or executing any Related Judgment, to any immunity from suit, from the jurisdiction of any such court, ... from execution of a judgment ..., the Republic *irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction, including the United States Foreign Sovereign Immunities Act of 1976*." *See* Ex. 5, § 19(a) (emphasis added). "Insofar as this waiver relates to the jurisdiction in which an Other Court is located, the Republic extends it solely for the purpose of enabling the Trustee or a Holder of Securities of this Series to enforce or execute a Related Judgment." *Id.* § 19(b).

20. The Plaintiffs are valid Holders of the Securities of this Series and are bringing this action "solely for the purpose of enforcing or executing any Related Judgment." *Id.* § 19(a).

Therefore, the Republic has explicitly waived immunity under 28 U.S.C. § 1605(a)(1) as to this judgment-recognition and enforcement proceeding.

21. Venue in this District is proper under party agreement, as explained above, and 28 U.S.C. § 1391(f)(4), as Argentina is a foreign state.

## FACTUAL BACKGROUND

### I. The Underlying Dispute

22. In December 2001, Argentina defaulted on its external debt, leading to a restructuring of those obligations. In 2005 and 2010, Argentina made exchange offers to its creditors through which it offered the Securities as consideration.

23. The Securities represented a steep "haircut" from the face amount of the defaulted bonds; participating creditors received approximately 25% to 30% of the value of their claims. However, the Securities provided for additional contingent payments based on the performance of the Argentine economy through the year 2034—at which point they expired. Functionally, participating creditors provided Argentina billions of dollars of debt relief in return for a stake in the future potential growth of Argentina's economy.

24. The Securities were an important part of that bargain. The Securities obligated Argentina to make payments when, in any of the ensuing 30 years, the country's real GDP met certain contractually specified benchmarks.

25. The Securities are governed by the Indentures and the Terms.

26. The Securities are denominated in Euros, and issued under English law.

27. Together, the Plaintiffs are beneficial owners of approximately 47% of the Securities at issue.

28. On December 15, 2014, Argentina failed to make payment under the Securities for the year 2013, contending that one of the contractual conditions for payment was not met as a result of the country's change in methodology for calculating its GDP.

## II. The English Proceedings

### A. Trial Court Proceedings

29. On August 9, 2019, Plaintiffs Palladian, HBK, and Hirsh commenced proceedings in the English Trial Court by filing a Claim Form against Argentina and the Trustee. A true and accurate copy of the Claim Form is annexed as Exhibit 9.

30. Plaintiffs Palladian, HBK, and Hirsh alleged in relevant part that Argentina's interpretation of the contract was incorrect and that, in any case, the change in methodology of its GDP calculation was irrational, arbitrary, and capricious.

31. Plaintiffs Palladian, HBK, and Hirsh sought payment of the amounts due under the Securities for the year 2013, plus interest, as well as other relief.

32. On August 12, 2019, Plaintiffs Palladian, HBK, and Hirsh served Argentina with notice of the proceedings at the Embassy of the Argentine Republic in the United Kingdom—designated by the Republic as its authorized agent upon whom process could be served in any Related Proceeding. *See* Ex. 4, § 6; Ex. 5, § 18.

33. On August 23, 2019, Argentina, through its counsel, filed an Acknowledgment of Service in the English Trial Court stating that it intended to defend "all of this claim"—thereby confirming that service was proper and that it had actual notice of the proceeding. A true and correct copy of the Acknowledgment of Service is annexed as Exhibit 10.

7

34. On December 11, 2019, Plaintiffs Palladian, HBK, and Hirsh filed an Amended Claim Form in the English Trial Court, adding Plaintiff Emerald to the proceedings. A true and correct copy of the Amended Claim Form is annexed as Exhibit 11.

35. On February 5, 2020, the Plaintiffs made a settlement offer to Argentina under Part 36.17(4) of the Civil Procedure Rules (the "***Trial Part 36 Offer***").[1] Argentina never responded to the Trial Part 36 Offer.

36. The parties proceeded to a trial in the English Trial Court, with sitting days from October 24 to November 18, 2022.

37. On April 5, 2023, following the trial, the English Trial Court issued its ruling against Argentina. *See* Ex. 1, at 1.

38. On June 9, 2023, following post-trial hearings, the English Trial Court issued the Trial Court Judgment against Argentina.

39. The Trial Court Judgment held that Argentina was required to pay to the Trustee:

- EUR 1,329,760,063.39, which was payable on December 15, 2014, as part of its obligations under the Securities for the year 2013 (the "***2013 Payment Amount***"), Ex. 1, ¶ 2, plus;

- EUR 233,220,560.34 as pre-judgment interest on the 2013 Payment Amount (the "***Pre-Judgment Interest***"), calculated at a rate of 2% per annum above EURIBOR with a six-month tenor based on the average rate over each six-month period from December 15, 2014 (the date this amount was payable) to June 9, 2023 (the date of the Trial Court Judgment), *id.* ¶ 3;

---

[1] The Civil Procedure Rules are the United Kingdom's equivalent of the Federal Rules of Civil Procedure. Part 36 is titled "Offers to Settle," and subsection 17 deals with "costs consequences following judgment." It states that when a defendant does not respond to a plaintiff's Part 36 offer *and* the plaintiff obtains a judgment "at least as advantageous" as that offer, the plaintiff is entitled to recover certain costs from the defendant. *See* Ministry of Justice, *Part 36 – Offers to Settle*, RULES & PRACTICE DIRECTIONS, available at https://www.justice.gov.uk/courts/procedure-rules/civil/rules/part36#36.17 (last visited June 23, 2025).

8

for a total judgment sum of EUR 1,562,980,623.73 (the "**Trustees' Entitlement**").

40. The Trial Court Judgment also held that Argentina was required to pay to the Plaintiffs, as a consequence of their unanswered Trial Part 36 Offer, EUR 64,311,645.07 (the "**Plaintiffs' Part 36 Entitlements**"), accounting for pre-judgment interest. *Id.*, ¶ 5.c.i to ¶ 5.c.iv.

41. The Trial Court Judgment held that post-judgment interest would accrue on the Trustees' Entitlement and the Plaintiffs' Part 36 Entitlements at the rate of 2% per annum above EURIBOR with a six-month tenor calculated based on the average rate over each six-month period from the date of the order—June 9, 2023. *See id.* ¶ 6.

42. The Trial Court Judgment also ordered Argentina to pay the Plaintiffs' costs of the proceedings, apart from an exception not relevant here (the "**Trial Court Costs**"). *See id.* ¶ 7.

43. The Trial Court Judgment provides each Plaintiff with an "individual right to enforce" the Judgment so long as they "retain holdings of the Securities" and abide by the terms of the Schedule appended to the Trial Court Judgment. *See id.* ¶ 15; *see also* Ex. 1, Sch. A.

44. As relevant here, the Schedule states that if the Plaintiffs receive any payment from Argentina towards the Trial Court Judgment, they "shall transfer those payments within seven (7) days to the Trustee." Sch. A. ¶ 3.b. Notwithstanding that obligation, the Plaintiffs retain the right to enforce payments of the Plaintiffs' Part 36 Entitlements "directly against the Republic, without any need to account for and pay such amount to the Trustee." Ex. 1, Sch. A. ¶ 4.

45. As per the terms of the Trial Court Judgment, the execution of certain provisions requiring payment from Argentina was stayed until Argentina exhausted its options for appeal. *See* Ex. 1, ¶ 21. The Trial Court Judgment required Argentina to make an interim payment of USD 12,500,000 towards the Trial Court Costs within forty-five (45) days from its issuance—an obligation not subject to the stay. *See* Ex. 1, ¶ 9, 14(b).

46. The Trial Court Judgment further held that Argentina's remaining payment obligations would become due forty-five (45) days following the expiration of the stay. *See* Ex. 1, ¶ 14(a), 21(c).

47. Finally, the English Trial Court refused Argentina's application for permission to appeal its ruling to the English Appellate Court. *See* Ex. 1, ¶ 19.

**B.   The Appellate Court Proceedings**

48. Nevertheless, on June 30, 2023, Argentina applied to the English Appellate Court for permission to appeal the English Trial Court's ruling. *See* Ex. 12, at 1.

49. On October 3, 2023, the Plaintiffs, on behalf of all Holders of the Securities, served a Part 36 settlement offer upon Argentina with regard to the appeal (the "***Appeal Part 36 Offer***"). *See* Ex. 2, at 2. Argentina did not reply to the Appeal Part 36 Offer.

50. On January 18, 2024, the English Appellate Court granted Argentina permission to appeal. *See* Ex. 2, at 1.

51. On March 22, 2024, the English Appellate Court ordered Argentina, as a condition for pursuing its appeal, to provide a letter of credit (the "***Letter of Credit***") for the sum of EUR 313,876,449.80 in favor of the Trustee. A true and correct copy of the March 22, 2024 order of the English Appellate Court is annexed as Exhibit 12.

52. The English Appellate Court heard Argentina's appeal over three days—from May 21 to May 23, 2024.

53. On June 12, 2024, the English Appellate Court dismissed Argentina's appeal. *See* Ex. 2, at 1.

54. On June 21, 2024, the English Appellate Court issued an Order—the Appellate Court Judgment—that largely affirmed the Trial Court Judgment's payment terms, but increased them to account for the additional time and costs attributable to Argentina's appeal.

55. As relevant to this judgment-recognition action, the Appellate Court Judgment modified the Trial Court Judgment such that: "***All Holders*** [of the Securities] shall be entitled to ***additional interest at a rate of 3% per annum*** (i.e. above the interest to which they are entitled under [the Trial Court Judgment]) in respect of their respective shares of the 2013 Payment Amount" for the period from October 25, 2023 (the date on which the Appeal Part 36 Offer could no longer be accepted without sanction) to June 21, 2024 (the date of the Appellate Court Judgment). Ex. 2, ¶ 2(a) (emphasis added).

56. In other words, with regard to the 2013 Payment Amount Argentina owes to the Trustee for all Holders of the Securities, the Appellate Court Judgment increased the post-judgment interest rate applicable to the period between October 25, 2023, and June 21, 2024, from 2% to ***5%*** per annum above EURIBOR with a six-month tenor calculated based on the average rate over each six-month period (the "***All Holders' Appeal Part 36 Entitlements***").

57. The Appellate Court Judgment stated that on the unpaid portion of All Holders' Appeal Part 36 Entitlements, post-judgment interest would accrue until payment by Argentina, at the rate of 2% per annum above EURIBOR with a six-month tenor calculated based on the average rate over each six-month period from June 21, 2024 (the date of the Appellate Court Judgment) to the date of payment (the "***Appeal Post-Judgment Interest***"). Ex. 2, ¶ 3.

58. The Appellate Court Judgment also ordered Argentina to pay the Plaintiffs' costs of the appeal (the "***Appellate Court Costs***"), and to make an interim payment of USD 1,250,000 with respect to those costs. *Id.* ¶ 4–6.

11

59. Finally, the English Appellate Court denied Argentina's application for permission to further appeal its ruling. *Id.* ¶ 1.

C. **The Supreme Court Proceedings**

60. Unhappy with its second defeat, on July 10, 2024, Argentina applied to the UK Supreme Court for permission to appeal the English Appellate Court's ruling.

61. On October 14, 2024, the UK Supreme Court refused Argentina's application. *See* Ex. 6.

62. In denying Argentina's application, the UK Supreme Court stated that "the appeal does not raise an arguable point of law or a point of law of general public importance." *Id.*

63. The UK Supreme Court also ordered Argentina to pay Plaintiffs' costs of "resisting" its application (the "**Supreme Court Costs**," and together with the Trial Court Costs and Appellate Court Costs, "**Plaintiffs' Costs**"). *Id.*

III. **The Status Quo**

64. Upon the UK Supreme Court's refusal of Argentina's application for permission to appeal the Appellate Court Judgment, the stay on execution of the English Judgments expired. *See* Ex. 1, ¶ 21.c.

65. Under the terms of the English Judgments, all judgment sums—the 2013 Payment Amount, the Pre-Judgment Interest, the Plaintiffs' Part 36 Entitlements, All Holders' Appeal Part 36 Entitlements, and Plaintiffs' Costs, with post-judgment interest—became payable forty-five (45) days after expiry of the stay—*i.e.*, on November 28, 2024. *See id.* ¶ 14.a.

66. Argentina did not pay its obligations by November 28, 2024.

67. On January 14, 2025, the English Appellate Court authorized the Trustee to draw down on and distribute the amounts from Argentina's Letter of Credit for the sum of EUR

12

313,876,449.80 towards partial satisfaction of the English Judgments in accordance with the priorities listed in the Schedule appended to the Trial Court Judgment. *See* Ex. 13, at 1; *see also* Ex. 1, Sch. A. A true and correct copy of the January 14, 2025 order of the English Appellate Court is annexed as Exhibit 13.

68. On January 29, 2025, the EUR 313,876,449.80 amount from Argentina's Letter of Credit was received by the Trustee towards partial satisfaction of the English Judgments. *See* Ex. 7, at 1, 7 (noting the January 29 date). The Trustee retained EUR 23,500,000 of that amount for its costs and anticipated costs of enforcement. *See id*. at 1.

69. Argentina and the Plaintiffs agreed to settle the outstanding amounts of the Plaintiffs' Costs. *See id*.

70. On February 14, 2025, Argentina paid the agreed outstanding amounts of the Plaintiffs' Costs, satisfying that part of the English Judgments. *See id.*

71. However, other than the amounts drawn down pursuant to Argentina's Letter of Credit and satisfying the outstanding amounts of the Plaintiffs' Costs, Argentina has not paid any more of the EUR 1.5 billion of the English Judgments. *See* Ex. 7, at 3. The following amounts remain outstanding and unpaid, as of April 1, 2025:

- (1) EUR 1,219,141,083.91 in respect of the balance of the 2013 Payment Amount, *see* Ex. 8, ¶ 4(a);

- (2) EUR 213,819,601.41 in respect of the balance of the Pre-Judgment Interest on the 2013 Payment Amount, *see* Ex. 8, ¶ 4(a);

- (3) EUR 59,009,884.90 in respect of the balance of the Plaintiffs' Part 36 Entitlements, *see* Ex. 8, ¶ 4(b);

- (4) EUR 24,149,013.80 in respect of the balance of All Holders' Appeal Part 36 Entitlements, *see* Ex. 8, ¶ 4(c);

- (5) EUR 9,458,470.58 in Post-Judgment Interest on the EUR 1,219,141,083.91 balance of the 2013 Payment Amount, calculated at a rate of 2% above EURIBOR for the period from January 29, 2025 (the date the Trustee received the amounts in

13

Argentina's Letter of Credit), to April 1, 2025, *see* Trial Court Judgment, Ex. 1, ¶ 6; Ex. 8, ¶ 4(d);

- (6) EUR 1,658,878.07 in Post-Judgment Interest on the EUR 213,819,601.41 balance of the Pre-Judgment Interest on the 2013 Payment Amount, calculated at a rate of 2% above EURIBOR for the period from January 29, 2025, to April 1, 2025, *see* Trial Court Judgment, Ex. 1, ¶ 6; Ex. 8, ¶ 4(e);

- (7) EUR 457,816.79 in Post-Judgment Interest on the EUR 59,009,884.90 balance of the Plaintiffs' Part 36 Entitlements, calculated at a rate of 2% above EURIBOR for the period from January 29, 2025, to April 1, 2025, *see* Trial Court Judgment, Ex. 1, ¶ 6; Ex. 8, ¶ 4(f).

- (8) EUR 187,355.46 in Post-Judgment Interest on the balance of the EUR 24,149,013.80 All Holders' Appeal Part 36 Entitlements, calculated at a rate of 2% above EURIBOR for the period January 29, 2025, to April 1, 2025, *see* Trial Court Judgment, Ex. 1, ¶ 6; Ex. 8, ¶ 4(g);

for a total outstanding sum as of April 1, 2025, of EUR 1,527,882,104.92 (the ***"Outstanding English Judgments"***).  *See* Ex. 8, ¶ 4.

## CLAIM FOR RELIEF
### (To Enforce the Foreign Money Judgments Dated June 9, 2023, and June 21, 2024)

72. The Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as if set forth fully herein.

73. The English Judgments are foreign-country money judgments for purposes of the Uniform Foreign-Country Money Judgments Recognition Act of 2011, D.C. Code § 15-361 *et seq.*, and were properly entered by the English Trial Court and English Appellate Court, both of which had jurisdiction when they did so.

74. The English Judgments are "final, conclusive, and enforceable" against Argentina under the laws of the United Kingdom.

75. Plaintiffs are entitled to the entry of a money judgment against Argentina under D.C. Code § 15-361 *et seq.*, and the FSIA, recognizing the Outstanding English Judgments in the amount of EUR 1,527,882,104.92 as of April 1, 2025, and interest continuing to accrue on the

balance of (1) the 2013 Payment Amount, (2) the Pre-Judgment Interest on the 2013 Payment Amount, (3) the Plaintiffs' Part 36 Entitlements, and (4) the All Holders' Appeal Part 36 Entitlements) at a rate of 2% above EURIBOR from April 2, 2025, until paid.  Plaintiffs will update these amounts though the date of the judgment of this Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request entry of judgment against Defendant granting the following relief:

1. recognizing and enforcing the English Judgments;

2. awarding a money judgment for the amount of EUR 1,527,882,104.92, and interest continuing to accrue on the balance of (1) the 2013 Payment Amount, (2) the Pre-Judgment Interest on the 2013 Payment Amount, (3) the Plaintiffs' Part 36 Entitlements, and (4) the All Holders' Appeal Part 36 Entitlements at a rate of 2% above EURIBOR from April 2, 2025, all as updated through and until the date of entry of judgment;

3. post-judgment interest;

4. awarding the costs of this action; and,

5. such other and further relief as deemed appropriate.

DATED: June 23, 2025    Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ David M. Orta

David M. Orta (D.C. Bar No. 462083)
Daniel Salinas (D.C. Bar No. 974159)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: +1 202 538 8000
Fax: +1 202 538 8100

Laya Maheshwari *(pro hac vice forthcoming)*
111 Huntington Ave, Suite 520
Boston, MA 02199
Tel: +1 617 712 7100
Fax: +1 617 712 7200

*Counsel for Plaintiffs Palladian Partners, L.P.; HBK Master Fund L.P.; Hirsh Group LLC; and Virtual Emerald International Limited*