UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------ x
PALLADIAN PARTNERS, L.P.; HBK :
MASTER FUND L.P.; HIRSH GROUP LLC; :
and VIRTUAL EMERALD :
INTERNATIONAL LIMITED, :
 :
               Plaintiffs, : Civil Action No. 1:25-cv-01954-CKK
 :
    - against - :
 :
THE REPUBLIC OF ARGENTINA, :
 :
               Defendant. :
 :
------------------------------------------------------------ x

**DEFENDANT THE REPUBLIC OF ARGENTINA'S
MOTION TO DISMISS THE COMPLAINT**

      Defendant the Republic of Argentina hereby moves this Court, for the reasons set forth in the accompanying Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint, for an order dismissing all of Plaintiffs' claims against it in this action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Date:  February 2, 2026

Respectfully submitted,

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr. (NY Reg. No. 2309177)
Sergio J. Galvis (NY Reg. No. 1934264)
(*pro hac vice* pending)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:	(212) 558-4000
Facsimile:	(212) 558-3588
giuffrar@sullcrom.com
galviss@sullcrom.com

Amanda F. Davidoff (D.C. Bar No. 978033)
Thomas C. White (D.C. Bar No. 90010165)
(admission pending)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C.  20006-5215
Telephone:	(202) 956-7500
Facsimile:	(202) 293-6330
davidoffa@sullcrom.com
whitet@sullcrom.com

*Counsel for the Republic of Argentina*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

PALLADIAN PARTNERS, L.P.; HBK MASTER FUND L.P.; HIRSH GROUP LLC; and VIRTUAL EMERALD INTERNATIONAL LIMITED,

    Plaintiffs,

  - against -

THE REPUBLIC OF ARGENTINA,

    Defendant.

Civil Action No. 1:25-cv-01954-CKK

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE REPUBLIC OF ARGENTINA'S MOTION TO DISMISS THE COMPLAINT**

    Robert J. Giuffra, Jr. (NY Reg. No. 2309177)
    Sergio J. Galvis (NY Reg. No. 1934264)
    (*pro hac vice* pending)
    SULLIVAN & CROMWELL LLP
    125 Broad Street
    New York, New York  10004-2498
    Telephone: (212) 558-4000
    Facsimile: (212) 558-3588
    giuffrar@sullcrom.com
    galviss@sullcrom.com

    Amanda F. Davidoff (D.C. Bar No. 978033)
    Thomas C. White (D.C. Bar No. 90010165)
    (admission pending)
    SULLIVAN & CROMWELL LLP
    1700 New York Avenue, N.W.
    Washington, D.C.  20006-5215
    Telephone: (202) 956-7500
    Facsimile: (202) 293-6330
    davidoffa@sullcrom.com
    whitet@sullcrom.com

    *Counsel for the Republic of Argentina*

February 2, 2026

## TABLE OF CONTENTS

*Page*

**PRELIMINARY STATEMENT** ................................................................................................1

**BACKGROUND** .........................................................................................................................2

      A.     The Securities ........................................................................................................2

      B.     The Republic's Waiver of Immunity From Enforcement Actions .........................3

      C.     Procedural Background and Related Litigation .....................................................4

**ARGUMENT** ...............................................................................................................................5

**I.**     **PLAINTIFFS' CONCLUSORY ASSERTION THAT THEY ARE HOLDERS MUST BE REJECTED AS INCONSISTENT WITH THE UNDERLYING SECURITIES AND THEIR OWN COMPLAINT** ............................7

**II.**    **BECAUSE PLAINTIFFS ARE BENEFICIAL OWNERS, THE WAIVER EXCEPTION TO SOVEREIGN IMMUNITY FOR SUITS BY "HOLDERS" DOES NOT APPLY** ....................................................................................................9

**CONCLUSION** ..........................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**                                                                                                                       *Page(s)*

*Af-Cap, Inc.* v. *Republic of Congo*,
    326 F. Supp. 2d 128 (D.D.C. 2004) ................................................................................6

*Agile Software Corp.* v. *Merrill Lynch & Co.*,
    174 F. Supp. 2d 1032 (N.D. Cal. 2001) ...........................................................................8

*Amaplat Mauritius Ltd.* v. *Zimbabwe Mining Dev. Corp.*,
    143 F.4th 496 (D.C. Cir. 2025) ......................................................................................11

*Argentine Republic* v. *Amerada Hess Shipping Corp.*,
    488 U.S. 428 (1989) ........................................................................................................5

*Aurelius Cap. Master, Ltd.* v. *Republic of Argentina*,
    2025 WL 1949968 (2d Cir. July 16, 2025) ....................................................................5

*Aurelius Cap. Master, Ltd.* v. *Republic of Argentina*,
    728 F. Supp. 3d 274 (S.D.N.Y. 2024) ............................................................................5

*Bell Helicopter Textron Inc.* v. *Islamic Republic of Iran*,
    892 F. Supp. 2d 219 (D.D.C. 2012) ...............................................................................6

*Bolivarian Republic of Venezuela* v. *Helmerich & Payne Int'l Drilling Co.*,
    581 U.S. 170 (2017) ........................................................................................................7

*Commerzbank AG* v. *Wells Fargo Bank, N.A.*,
    2024 WL 4554081 (2d Cir. Oct. 23, 2024) ..............................................................1, 10

*de Csepel* v. *Republic of Hungary*,
    2026 WL 179952 (D.C. Cir. Jan. 23, 2026) ...................................................................7

**Delta Air Lines, Inc.* v. *Exp.-Imp. Bank of U.S.*,
    85 F. Supp. 3d 250 (D.D.C. 2015) .................................................................................7

**Kaempe* v. *Myers*,
    367 F.3d 958 (D.C. Cir. 2004) ........................................................................................7

*Lewis* v. *Mutond*,
    62 F.4th 587 (D.C. Cir. 2023) .........................................................................................8

*Lightwater Corp. Ltd.* v. *Republic of Argentina*,
    2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003) ................................................................2

*Luxexpress 2016 Corp.* v. *Gov't of Ukraine*,
    2020 WL 1308357 (D.D.C. Mar. 19, 2020) .............................................................9, 10

*Nassif* v. *Republic of Iraq*,
    759 F. Supp. 3d 30 (D.D.C. 2024) ................................................................................. 9

*OBB Personenverkehr AG* v. *Sachs*,
    577 U.S. 27 (2015) ........................................................................................................ 6

**Phoenix Light SF Ltd.* v. *Deutsche Bank Nat'l Tr. Co.*,
    172 F. Supp. 3d 700 (S.D.N.Y. 2016) ..................................................................... 1, 10

*UMB Bank, N.A.* v. *Bristol-Myers Squibb Co.*,
    2025 WL 3442747 (S.D.N.Y. Dec. 1, 2025) ............................................................... 10

*UMB Bank, N.A.* v. *Bristol-Myers Squibb Co.*,
    2024 WL 4355029 (S.D.N.Y. Sept. 30, 2024) ............................................................. 10

*Valambhia* v. *United Republic of Tanzania*,
    964 F.3d 1135 (D.C. Cir. 2020) .................................................................................. 11

*Walker* v. *U.S. Dep't of Agric. Rural Dev.*,
    2025 WL 2761209 (D.D.C. Sept. 29, 2025) .................................................................. 9

**World Wide Minerals, Ltd.* v. *Republic of Kazakhstan*,
    296 F.3d 1154 (D.C. Cir. 2002) ........................................................................ 1, 9, 10

**Statutes**

D.C. Uniform Foreign-Country Money Judgments Recognition Act of 2011,
    D.C. Code § 15-361 *et seq.* ........................................................................................ 5

Foreign Sovereign Immunities Act of 1976,
    28 U.S.C. § 1602 *et seq.* ................................................................................... *passim*

**Other Authorities**

Black's Law Dictionary (12th ed. 2024) ............................................................................. 8

Fed. R. Civ. P. 12(b)(1) ...................................................................................................... 7

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 7

## PRELIMINARY STATEMENT

In this action to recognize and enforce an English court judgment against the Republic of Argentina, Plaintiffs seek to manufacture federal jurisdiction where none exists. Federal courts have jurisdiction over foreign sovereigns only through the Foreign Sovereign Immunities Act ("FSIA"). Plaintiffs invoke the FSIA's waiver exception, but the Republic never waived its immunity for the claims in this case. This action should be dismissed because the Court lacks subject-matter jurisdiction.

The waiver Plaintiffs point to, which must be "narrowly construed in favor of" the Republic, *World Wide Minerals, Ltd.* v. *Republic of Kazakhstan*, 296 F.3d 1154, 1162 (D.C. Cir. 2002), only proves that this Court does not have jurisdiction here. The contract defining the specific terms and conditions of the Euro-denominated GDP-linked securities (the "Securities") underlying Plaintiffs' judgment limits enforcement actions outside of England and Argentina to those brought by the "Trustee" or a "Holder" of the Securities. (Compl. Ex. 5 (2005 Global Security) § 19(b) at R-16.) Plaintiffs are neither. The "Trustee" is The Bank of New York Mellon. (Compl. ¶ 3.) The sole "Holder" is The Bank of New York Depositary (Nominees) Limited, as nominee of the common depositary for Euroclear and Clearstream. (Compl. Ex. 5 (2005 Global Security) at 1.) Plaintiffs are, by their own admission, merely beneficial owners of the Securities (Compl. ¶ 27), a status that confers no right to invoke the Republic's waiver of sovereign immunity in this Court. Federal courts strictly enforce this distinction between beneficial owners and Holders where, as here, the governing contracts draw it expressly. *See Commerzbank AG* v. *Wells Fargo Bank, N.A.*, 2024 WL 4554081, at *4 (2d Cir. Oct. 23, 2024) (enforcing contractual distinction where agreements provided that "only Certificateholders may bring claims under the agreements—beneficial owners may not"); *Phoenix Light SF Ltd.* v. *Deutsche Bank Nat'l Tr. Co.*, 172 F. Supp. 3d 700, 711 (S.D.N.Y. 2016).

The Republic's waiver of sovereign immunity does not apply to this case. Because this Court lacks subject-matter jurisdiction under the FSIA, the Complaint must be dismissed.

## BACKGROUND

### A.  The Securities

Plaintiffs—hedge funds and other institutional investors—allege that they are "beneficial owners of approximately 47% of the Securities at issue." (Compl. ¶¶ 11–14, 27.) The Securities (denominated in Euros) were issued as part of the Republic's voluntary debt exchanges in 2005 and 2010 in the wake of the "worst economic crisis in its history." *Lightwater Corp. Ltd. v. Republic of Argentina*, 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003). The Securities are governed by (i) the Trust Indenture, dated June 2, 2005 (as amended in April 2010, the "Indenture"), which covers all securities issued as part of the Republic's debt exchanges; and (ii) the Global Security, which defines their specific terms and conditions and is governed by English law. (Compl. ¶¶ 3, 25–26.)[1]

The Bank of New York Mellon is the Trustee. (Compl. ¶ 3.) The Global Security defines a "Holder" as "[a]ny person in whose name a Security shall be registered." (Compl. Ex. 5 (2005 Global Security) § 1(c) at R-1.) The Securities in turn provide that they are "registered in the name of The Bank of New York Depositary (Nominees) Limited," which is therefore the only "Holder" of the Securities. (*Id.* at 1.)

---

[1] Securities issued as part of the 2010 debt exchange "constitute part of the same series as, and [are] fully fungible with" the Securities issued in the 2005 debt exchange. (Compl. Ex. 4 (First Supplemental Indenture), Seventh Whereas.) Accordingly, references in this brief are to the 2005 Global Security, which is attached to Plaintiffs' Complaint as Exhibit 5.

## B.  The Republic's Waiver of Immunity From Enforcement Actions

Sections 17 and 19 of the Global Security address "Jurisdiction" and the Republic's "Waiver of Immunity." (*Id.* §§ 17, 19 at R-14–R-16.) For proceedings to enforce a final, non-appealable judgment against the Republic for payment on the Securities, defined as a "Related Judgment" (*id.* § 17(a) at R-14–R-15), those Sections work together to establish the scope of the Republic's waiver of sovereign immunity.

*First*, in Section 17(a), the Republic "irrevocably submits to the jurisdiction of the courts of England and the courts of the Republic (each, a 'Specified Court') over any suit, action or proceeding against it or its properties, assets or revenues with respect to the Securities." (*Id.*) The Republic also agrees that a Related Judgment "may be enforced" in two categories of courts: (1) "in any Specified Court," *i.e.*, courts of England or Argentina, or (2) in "any other courts to the jurisdiction of which the Republic is or may be subject," defined as "Other Courts." (*Id.*)

*Second*, Section 19(a) clarifies the scope of the Republic's waiver of immunity from enforcement proceedings in these two categories of courts. It states that the Republic "irrevocably waives" its "immunity from suit" in actions to enforce a Related Judgment, but only in jurisdictions where it has agreed that an enforcement action "may" be brought:

> [T]to the extent that the Republic . . . shall be entitled, . . . in any jurisdiction in which any Specified Court or Other Court is located in which any suit, action or proceeding *may* at any time be brought solely for the purpose of enforcing or executing any Related Judgment, to any immunity from suit, . . . from execution of a judgment . . . , the Republic irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction, including the United States Foreign Sovereign Immunities Act of 1976.

(*Id.* § 19(a) at R-16 (emphasis added).) Notably, this language limits the Republic's waiver of immunity from enforcement actions to jurisdictions in which such actions "may" be brought—

-3-

meaning, under Section 17(a), any "Specified Courts," *i.e.*, courts of England or Argentina, and "Other Courts," outside England or Argentina, but only where the Republic "is or may be subject" to jurisdiction. (*Id.* § 17(a) at R-15.)

*Third*, Section 19(b) limits the scope of the waiver with respect to enforcement actions in "Other Courts" outside England or Argentina. (*Id.* § 19(b) at R-16.) It provides that "[i]nsofar as this waiver relates to the jurisdiction in which an Other Court is located, the Republic extends it solely for the purpose of enabling the Trustee or a Holder of Securities of this Series to enforce or execute a Related Judgment." (*Id.*)

Under these provisions, the Republic waives sovereign immunity from suit by any judgment creditors for the Securities to enforce their judgment in English or Argentine courts. But it only waives sovereign immunity for "the Trustee or a Holder" to do so in any other jurisdiction, including this Court.

### C.  Procedural Background and Related Litigation

On August 9, 2019, Plaintiffs sued the Republic and the Trustee in the English High Court for payments allegedly due under the Securities for the year 2013. (Compl. ¶¶ 29, 31.) The English High Court ruled in favor of Plaintiffs. (Compl. ¶ 37.) On June 9, 2023, the English High Court issued an order which, among other things, awarded Plaintiffs a money judgment. (Compl. ¶¶ 38–39.) The English Court of Appeal upheld and updated the English High Court order on June 21, 2024. (Compl. ¶¶ 54–58.)

Different beneficial owners of similar dollar-denominated securities (issued under New York law and in U.S. currency) brought claims relating to payments allegedly due for the year 2013 in the United States District Court for the Southern District of New York.[2] Those claims

---

[2]   *See Aurelius Cap. Master, Ltd.* v. *Republic of Argentina*, 19-cv-0351; *ACP Master, Ltd.* v. *Republic of Argentina*, 19-cv-10109; *Novoriver S.A.* v. *The Argentine Republic*, 19-cv-09786; *683*

were dismissed because the plaintiffs did not comply with the Global Security's "no-action" clause. *Aurelius Cap. Master, Ltd.* v. *Republic of Argentina*, 728 F. Supp. 3d 274, 290 (S.D.N.Y. 2024). The Second Circuit affirmed. *Aurelius Cap. Master, Ltd.* v. *Republic of Argentina*, 2025 WL 1949968, at *4 (2d Cir. July 16, 2025).

On June 23, 2025, Plaintiffs filed this Complaint seeking recognition and enforcement of the English judgment pursuant to the D.C. Uniform Foreign-Country Money Judgments Recognition Act of 2011, D.C. Code § 15-361 *et seq.*, and the FSIA, 28 U.S.C. § 1602 *et seq.* (Compl. ¶ 1.) Plaintiffs allege both that they are "Holders" of the Securities—even though, as set forth above, the Securities define that term to mean a "person in whose name a Security shall be registered" (Compl. Ex. 5 (2005 Global Security) § 1(c) at R-1)—and that they are "beneficial owners" of the Securities. (Compl. ¶¶ 20, 27.)

The Complaint pleads that the English judgment has been partially satisfied but that approximately EUR 1.53 billion remained outstanding as of April 1, 2025. (Compl. ¶¶ 67–71.) Plaintiffs seek a money judgment from this Court for that amount and interest thereon. (Compl. ¶ 75.) At the same time, Plaintiffs have alleged in another U.S. case that they are "actively pursuing collection" in England. (Pls.' Reply Mem. in Supp. of Am. 28 U.S.C. § 1782 App., No. 3:25-mc-00058-S-BT, at 11 (N.D. Tex. Dec. 19, 2025), ECF No. 32.)

## ARGUMENT

The FSIA is the "sole basis for obtaining jurisdiction over a foreign state in federal court." *Argentine Republic* v. *Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989). Accordingly, the statute "must be applied by the district courts in every action against a foreign

---

*Capital Partners, LP* v. *Republic of Argentina*, 19-cv-10131; *Adona LLC, et al.* v. *Republic of Argentina*, 19-cv-11338; *Ape Group SPA, et al.* v. *Republic of Argentina*, 20-cv-10409.

sovereign." *Af-Cap, Inc.* v. *Republic of Congo*, 326 F. Supp. 2d 128, 129 (D.D.C. 2004). To overcome the "strong presumption under the FSIA . . . that there is no jurisdiction over foreign sovereigns," *Bell Helicopter Textron Inc.* v. *Islamic Republic of Iran*, 892 F. Supp. 2d 219, 225 (D.D.C. 2012), *aff'd*, 734 F.3d 1175 (D.C. Cir. 2013), a plaintiff must show that "one of [FSIA]'s express exceptions to sovereign immunity applies," *OBB Personenverkehr AG* v. *Sachs*, 577 U.S. 27, 31 (2015).

Plaintiffs invoke the FSIA's waiver exception under 28 U.S.C. § 1605(a)(1), which provides for jurisdiction where "the foreign state has waived its immunity either explicitly or by implication." (Compl. ¶¶ 19–20.) As it must, their Complaint acknowledges the limitations set forth above on the Republic's waiver of immunity from enforcement actions. (*Supra* pp. 3–4.)

*First*, the Republic is subject to, and waives immunity from, enforcement proceedings regarding the Securities by any judgment creditor in the "Specified Courts" of England and Argentina. (*See* Compl. ¶¶ 17, 19; Compl. Ex. 5 (2005 Global Security) §§ 17(a), 19(a) at R-14–R-16.)

*Second*, for enforcement actions in "Other Courts" outside England and Argentina, the Republic waives immunity from suits brought by only "the Trustee or a Holder of Securities." (Compl. ¶ 19 (quoting limitation in Global Security that "[i]nsofar as this waiver relates to the jurisdiction in which an Other Court is located, the Republic extends it solely for the purpose of enabling the Trustee or a Holder of Securities of this Series to enforce or execute a Related Judgment").) The Complaint then asserts that this Court has subject-matter jurisdiction because Plaintiffs are "valid Holders" of the Securities and "[t]herefore, the Republic has explicitly waived immunity under 28 U.S.C. § 1605(a)(1) as to this judgment-recognition and enforcement proceeding." (Compl. ¶ 20.)

Plaintiffs' claim to Holder status must be rejected. The Complaint contradicts it expressly and through documents attached as Exhibits: Plaintiffs are beneficial owners, not Holders. Because the Republic has not waived immunity from enforcement actions in the United States by beneficial owners, this Court lacks subject-matter jurisdiction.

### I. PLAINTIFFS' CONCLUSORY ASSERTION THAT THEY ARE HOLDERS MUST BE REJECTED AS INCONSISTENT WITH THE UNDERLYING SECURITIES AND THEIR OWN COMPLAINT.

A plaintiff seeking to sue a foreign state under the FSIA "bears the 'initial burden' of overcoming the [FSIA]'s 'presumption of immunity' by making out a legally sufficient case that an exception *does* apply in the first place." *de Csepel* v. *Republic of Hungary*, 2026 WL 179952, at *6 (D.C. Cir. Jan. 23, 2026) (emphasis in original). Plaintiffs must "show (and not just arguably show)" that the case falls within one of FSIA's exceptions, and "simply making a nonfrivolous argument to that effect is not sufficient." *Bolivarian Republic of Venezuela* v. *Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 187 (2017). Where, as here, the Republic challenges "the factual basis of the [C]ourt's jurisdiction" on a motion to dismiss, the Court "'must go beyond the pleadings and resolve any disputed issues of fact' necessary to adjudicate the motion." *de Csepel*, 2026 WL 179952, at *7. Because the Court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," factual allegations receive "closer scrutiny" on a Rule 12(b)(1) motion than they do in the Rule 12(b)(6) context. *Delta Air Lines, Inc.* v. *Exp.-Imp. Bank of U.S.*, 85 F. Supp. 3d 250, 259 (D.D.C. 2015).

Plaintiffs' conclusory claims to be Holders cannot be "accept[ed] as true . . . insofar as they contradict exhibits to the complaint," as they do here. *Kaempe* v. *Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004). The Global Security attached to the Complaint defines a "Holder" as "[a]ny person in whose name a Security shall be registered." (Compl. Ex. 5 (2005 Global Security) § 1(c)

-7-

at R-1.) The Global Security further provides that the Securities are "registered in the name of The Bank of New York Depositary (Nominees) Limited, as Nominee of the Common Depositary for Euroclear Bank S.A./N.V., as operator of the Euroclear system . . . and Clearstream Banking, Société Anonyme." (*Id.* at 1.) Plaintiffs are named institutional investors who do not include The Bank of New York Depositary (Nominees) Limited.

Indeed, Plaintiffs admit elsewhere in the Complaint that they are not Holders—that they instead "are beneficial owners" of the Securities. (Compl. ¶ 27; *see also* Ex. 1 (Plaintiffs' Amended Particulars of Claim) ¶¶ 2, 54(c).)[3] Beneficial owners hold "equitable title" to securities that are *not* "registered under [their] name." Black's Law Dictionary (12th ed. 2024) (definition of "beneficial holder of securities"); *see also Agile Software Corp.* v. *Merrill Lynch & Co.*, 174 F. Supp. 2d 1032, 1034 (N.D. Cal. 2001) ("Generally, a beneficial owner is a person who does not have legal title to a security, but who has an underlying interest."). By definition, then, beneficial owners are not registered Holders of the Securities.

The Indenture, which is also an exhibit to the Complaint, confirms that only The Bank of New York Depositary (Nominees) Limited is a Holder of the Securities, and that beneficial owners are not.[4] It states that where, as here, a Depositary or its nominee "is the registered owner of [the] Global Security," then "such Depositary or such nominee . . . will be considered *the sole owner or Holder of the Securities represented by such Global Security for all purposes under this Indenture*." (Compl. Ex. 3 (2005 Indenture) § 2.5(c) at 12 (emphasis added).) Conversely,

---

[3]   Reference to "Ex." is to the exhibit accompanying the Declaration of Robert J. Giuffra, Jr. This Court can take judicial notice of Plaintiffs' Amended Particulars of Claim annexed to their December 11, 2019 Amended Claim Form because it is "incorporated by reference into the [C]omplaint" at paragraph 34. *Lewis* v. *Mutond*, 62 F.4th 587, 590 n.1 (D.C. Cir. 2023).

[4]   The terms of the Indenture are incorporated in the Global Security by reference. (Compl. Ex. 5 (2005 Global Security) at 2.)

"owners of beneficial interests in a Global Security . . . *will not be considered the owners or Holders thereof under this Indenture*." (*Id.* (emphasis added).)

This Court does not accept as true "a conclusory allegation in the complaint [that is] contradicted by a document in the record" and instead finds that "the document controls." *Walker* v. *U.S. Dep't of Agric. Rural Dev.*, 2025 WL 2761209, at *2 (D.D.C. Sept. 29, 2025) (internal quotation marks omitted). Therefore, the only "Holder" of the Securities is The Bank of New York Depositary (Nominees) Limited. Plaintiffs are not "Holders" as defined in the Global Security but instead are beneficial owners.

## II. BECAUSE PLAINTIFFS ARE BENEFICIAL OWNERS, THE WAIVER EXCEPTION TO SOVEREIGN IMMUNITY FOR SUITS BY "HOLDERS" DOES NOT APPLY.

As beneficial owners of the Securities, Plaintiffs fall squarely outside the class of persons—Trustee and Holders—authorized to invoke the Republic's waiver of sovereign immunity for enforcement actions in this Court. The Global Security clearly limits the Republic's waiver of immunity for enforcement actions in Other Courts (such as those of the United States) "*solely* for the purpose of enabling the Trustee or a *Holder* of Securities of this Series to enforce or execute a Related Judgment." (Compl. Ex. 5 (2005 Global Security) § 19(b) at R-16 (emphasis added).)

Under Section 19(b) of the Global Security, Plaintiffs cannot overcome the "stringent test that the FSIA imposes for a finding of explicit waiver." *Nassif* v. *Republic of Iraq*, 759 F. Supp. 3d 30, 41 (D.D.C. 2024) ("[W]aiver of sovereign immunity must be more than a 'possible construction' of the foreign state's statement.") Explicit waivers are "narrowly construed 'in favor of the sovereign,'" which "will not be found to have waived its immunity unless it has clearly and unambiguously done so." *World Wide Minerals*, 296 F.3d at 1162; *see also Luxexpress*

*2016 Corp.* v. *Gov't of Ukraine*, 2020 WL 1308357, at *8 (D.D.C. Mar. 19, 2020) (finding no waiver despite presidential decree and bilateral investment treaty referencing potential future claims because "a court will not find a foreign sovereign waived its immunity unless it 'has clearly and unambiguously done so'"), *aff'd sub nom. Ivanenko* v. *Yanukovich*, 995 F.3d 232 (D.C. Cir. 2021).

Courts consistently enforce the specific contractual distinction between "Holders" and beneficial owners even outside the sovereign immunity context.  For example, in *Commerzbank AG* v. *Wells Fargo Bank, N.A.*, where the relevant agreements provided that "only Certificateholders may bring claims under the agreements—beneficial owners may not"—the Second Circuit rejected beneficial-owner standing.  2024 WL 4554081, at *4.  Similarly, in *UMB Bank, N.A.* v. *Bristol-Myers Squibb Co.*, the court refused to apply a deadline governing "Holders" to beneficial owners, finding that "beneficial holders were not 'Holders' within the meaning of the [agreement]."  2025 WL 3442747, at *6 (S.D.N.Y. Dec. 1, 2025); *see also UMB Bank, N.A.* v. *Bristol-Myers Squibb Co.*, 2024 WL 4355029, at *6 (S.D.N.Y. Sept. 30, 2024) (refusing to allow "beneficial holders[]" to make an appointment reserved for "Majority Holders").  Thus, where, as here, "the plain language of the [contract] . . . treats registered holders differently from beneficial owners," courts enforce this contractual distinction.  *Phoenix Light*, 172 F. Supp. 3d at 711.

The Global Security "clearly and unambiguously" limits the Republic's waiver of immunity for enforcement actions on the Securities in U.S. courts to those by "the Trustee or a Holder."  (Compl. Ex. 5 (2005 Global Security) § 19(b) at R-16.)  This Court cannot "enlarge[]" the Republic's waiver "beyond what the language requires" to encompass this enforcement action by beneficial owners in a U.S. court.  *World Wide Minerals*, 296 F.3d at 1162.

-10-

Accordingly, the Complaint should be dismissed for lack of subject-matter jurisdiction. *See Amaplat Mauritius Ltd.* v. *Zimbabwe Mining Dev. Corp.*, 143 F.4th 496, 505 (D.C. Cir. 2025) (dismissing action for recognition and enforcement of a foreign court judgment for lack of subject-matter jurisdiction under the FSIA); *Valambhia* v. *United Republic of Tanzania*, 964 F.3d 1135, 1137 (D.C. Cir. 2020) (same).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint with prejudice.

Respectfully submitted,

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr. (NY Reg. No. 2309177)
Sergio J. Galvis (NY Reg. No. 1934264)
(*pro hac vice* pending)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
giuffrar@sullcrom.com
galviss@sullcrom.com

Amanda F. Davidoff (D.C. Bar No. 978033)
Thomas C. White (D.C. Bar No. 90010165)
(admission pending)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C.  20006-5215
Telephone:    (202) 956-7500
Facsimile:    (202) 293-6330
davidoffa@sullcrom.com
whitet@sullcrom.com

*Counsel for the Republic of Argentina*

February 2, 2026

**CERTIFICATE OF SERVICE**

Pursuant to Local Civil Rule 5.4(d), I hereby certify that, on February 2, 2026, I caused the foregoing Memorandum of Points and Authorities in Support of Defendant The Republic of Argentina's Motion to Dismiss to be electronically filed via the Court's CM/ECF system, which effected service of the document upon all counsel of record.

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

*Counsel for the Republic of Argentina*