**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PALLADIAN PARTNERS, L.P; HBK MASTER
FUND L.P.; HIRSH GROUP LLC; and VIRTUAL
EMERALD INTERNATIONAL LIMITED,

        *Plaintiffs*,

        -against-

THE REPUBLIC OF ARGENTINA,

        *Defendant*.

Case No.:  1:25-cv-01954-CKK

**ORAL ARGUMENT REQUESTED**

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Plaintiffs Palladian Partners, L.P., HBK Master Fund L.P., Hirsh Group LLC, and Virtual

Emerald International Limited respectfully seek leave of the Court to file a limited sur-reply,

together with the supplemental declaration of the Rt. Honourable Lord Neuberger of Abbotsbury,

to address new arguments and evidence presented for the first time in Defendant the Republic of

Argentina's (the "Republic") Reply in Support of its Motion to Dismiss the Complaint (ECF 33,

the "Reply") and the accompanying Declaration of the Rt. Honourable Lord Goldsmith KC (ECF

32, the "Goldsmith Decl." or "Goldsmith Declaration").[1]  In support of this Motion, Plaintiffs

assert as follows:

---

[1]    Lord Goldsmith, while a respected and long standing advocate and former Cabinet Minister, had only a limited judicial career, specifically a short period as a part-time judge between 1996 and 2001.  (Goldsmith Decl. ¶ 11.)  That is in contrast to Lord Neuberger who served as a full time judge for 21 years, including his final 5 years as the President of the UK Supreme Court, a position equivalent to the Chief Justice of the United States Supreme Court.  (Declaration of Lord Neuberger dated March 2, 2026 (ECF 27), ¶¶ 4, 12.)

1.      The Court has discretion to grant leave to file a sur-reply. *Clendenny v. The Architect of the Capitol*, 236 F. Supp. 3d 11, 17 n.2 (D.D.C. 2017). In making its decision, the Court should consider whether (1) the sur-reply is helpful to adjudication of the motion to dismiss, and (2) the Republic would be prejudiced if the court grants Plaintiffs leave to file the sur-reply. *Id*.

2.      In applying this standard, the Court has "routinely" granted "motions for leave to file surreplies when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading." *Howard v. Off. of the Chief Admin. Officer*, 2015 WL 9310036, at *1 (D.C. Cir. Dec. 21, 2015) (citing *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)).  The Court has also found good cause for a sur-reply where "new evidence" is presented before the Court in the form of a new declaration submitted with the reply brief. *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998); *Lee v. Christian Coal. of Am., Inc.*, 160 F. Supp. 2d 14, 23 n.4 (D.D.C. 2001) (granting motion for leave to file a sur-reply where plaintiffs included three new declarations in their reply brief); *Doe v. Roman Catholic Diocese of Greensburg*, 2021 WL 12137383, at *2 (D.D.C. Feb. 12, 2021) (finding "good cause" to warrant granting the leave to file a sur-reply in order to allow the movant the opportunity to address new statements made in an affidavit).

3.      Here good cause exists.  The Republic's Reply presents several new arguments and evidence not included in the Republic's opening brief in support of its Motion to Dismiss (ECF 19), including a 36-page expert declaration on the interpretation under English law of the central contractual provisions at issue in this case, as well as new arguments regarding the scope and meaning of Sections 11 of the Global Security (Compl. Ex. 5) and its interaction with Section 19. Specifically, the Republic argues that Section 19(b) of the Global Security constitutes the exclusive

2

and dispositive source of the Republic's waiver of sovereign immunity with respect to enforcement proceedings in "Other Courts" (Reply at 7–9; Goldsmith Decl. ¶¶ 48–52, 81), because, according to the Republic and its expert on English law, Lord Goldsmith, Section 11 solely concerns the "contract standing" to bring a claim under the contract and cannot serve to "expand" the Republic's waiver of sovereign immunity. (Reply at 14; Goldsmith Decl. ¶¶ 56–61.) This argument was not present in the Republic's opening brief. While the Plaintiffs served a declaration on English law from Lord Neuberger, they could not have anticipated the precise arguments made by Lord Goldsmith, not least because the Republic's opening brief did not include any discussion of English law, nor did it address Section 11 of the Global Security, despite that this section explicitly concerns the remedial rights and benefits of beneficial owners of the Securities.

4.      Further, Lord Goldsmith invokes the general/specific canon of English contract construction to argue that the "specific" language of Section 19(b) overrides the "general" language of Section 11 (Goldsmith Decl. ¶ 60) — an interpretive framework not advanced in the Republic's opening brief. Likewise, Lord Goldsmith proffers new English law principles regarding surplusage to contend that Plaintiffs' reading of Section 11 would render Section 19(b) "redundant." (*Id.* ¶ 63.) Lord Goldsmith criticizes Lord Neuberger's application of case law on commercial context and commercial common sense (Reply at 14; Goldsmith Decl. ¶¶ 29-35), which allegations Lord Neuberger seeks to respond to in his supplemental declaration. Relying on the Goldsmith Declaration, the Republic also advances a new argument that its interpretation of the Global Security is "commercially sensible" (Reply at 14), because under its reading, Section 11 would "still grant a meaningful right to beneficial owners" to "sue the Republic in a Specified Court . . . or seek to enforce a Related Judgment in one" and "it is rational for the parties to choose a different approach to waiver of immunity in Specified Courts and in Other Courts, and to want

3

to limit the scope for a multiplicity of enforcement actions in many jurisdictions around the world." (*Id*. ¶¶ 59, 66(a)–(b).)

5.      The Republic's strategy of submitting its expert declaration concerning the construction of the Global Security under English law, with various new arguments concerning such construction, for the first time with its Reply, creates a one-sided presentation that would prejudice Plaintiffs if they are not permitted to respond.  The proposed Sur-Reply and supplemental declaration of Lord Neuberger, which are respectively attached as Exhibit A and Exhibit B to this Motion, address only those new arguments and expert evidence contained in the Republic's Reply, to ensure that the Court is fully briefed on the applicable English law principles and all alleged grounds for dismissal put forward by the Republic.  Accordingly, allowing leave would cause no undue prejudice upon the Republic.

6.      Finally, Plaintiffs' proposed Sur-Reply should, respectfully, be helpful to the Court's resolution of the pending motion to dismiss, as the interpretation of the Global Security, including the interplay between Sections 11 and 19 thereof, is the core disputed issue between the Parties concerning the scope of the Republic's waiver of sovereign immunity.

7.      Pursuant to Local Rule 7(m), Plaintiffs' counsel contacted Defendant's counsel concerning this Motion, who responded that they oppose the Motion.

WHEREFORE, Plaintiffs respectfully request that the Court grant leave to file a limited sur-reply in further opposition to the Republic's Motion to Dismiss, together with the Second Declaration of the Rt. Honourable Lord Neuberger.  A proposed order is filed herewith.

Dated: April 20, 2026

Respectfully submitted,

_David M. Orta_____
David M. Orta (D.C. Bar No. 462083)
Daniel Salinas-Serrano (D.C. Bar No. 974159)
Julianne F. Jaquith (D.C. Bar No. 1026471)
(*pro hac vice*)
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
555 13th Street NW
Suite 600
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
davidorta@quinnemanuel.com
danielsalinas@quinnemanuel.com
juliannejaquith@quinnemanuel.com

*Counsel for Plaintiffs Palladian Partners, L.P.,*
*HBK Master Fund L.P., Hirsh Group LLC, and*
*Virtual Emerald International Limited*