**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ---------------------------------------------------------- x | |
| PALLADIAN PARTNERS, L.P.; HBK MASTER FUND L.P.; HIRSH GROUP LLC; and VIRTUAL EMERALD INTERNATIONAL LIMITED,<br><br>               Plaintiffs,<br><br>     - against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>               Defendant.<br><br>---------------------------------------------------------- x | :<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No. 1:25-cv-01954-CKK<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT THE REPUBLIC OF ARGENTINA'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Robert J. Giuffra, Jr. (NY Reg. No. 2309177)
Sergio J. Galvis (NY Reg. No. 1934264)
(*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:     (212) 558-4000
Facsimile:     (212) 558-3588
giuffrar@sullcrom.com
galviss@sullcrom.com

Amanda F. Davidoff (D.C. Bar No. 978033)
Thomas C. White (D.C. Bar No. 90010165)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C.  20006-5215
Telephone:     (202) 956-7500
Facsimile:     (202) 293-6330
davidoffa@sullcrom.com
whitet@sullcrom.com

*Counsel for the Republic of Argentina*

April 27, 2026

-i-

## TABLE OF CONTENTS

*Page*

**PRELIMINARY STATEMENT** ..................................................................................................1

**ARGUMENT**.............................................................................................................................2

**CONCLUSION** ........................................................................................................................5

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Alexander* v. *FBI*,
    186 F.R.D. 71 (D.D.C. 1998)..................................................................................................4

*\*Banner Health* v. *Sebelius*,
    905 F. Supp. 2d 174 (D.D.C. 2012) ....................................................................................1, 2

*\*Baptist Mem'l Hosp.* v. *Sebelius*,
    765 F. Supp. 2d 20 (D.D.C. 2011) .........................................................................................2

*\*Bigwood* v. *U.S. Dep't of Def.*,
    132 F. Supp. 3d 124 (D.D.C. 2015).....................................................................................4, 5

*\*Crummey* v. *Soc. Sec. Admin.*,
    794 F. Supp. 2d 46 (D.D.C. 2011) .........................................................................................5

*Doe* v. *Roman Catholic Diocese of Greensburg*,
    2021 WL 12137383 (D.D.C. Feb. 12, 2021) ........................................................................4

*\*Freedman* v. *Suntrust Banks, Inc.*,
    139 F. Supp. 3d 271 (D.D.C. 2015).......................................................................................5

*Greenbaum* v. *Islamic Republic of Iran*,
    588 F. Supp. 3d 77 (D.D.C. 2022)........................................................................................2

*Kiewit Power Constructors Co.* v. *Sec'y of Lab., U.S. Dep't of Lab.*,
    959 F.3d 381 (D.C. Cir. 2020)...............................................................................................2

*Lee* v. *Christian Coal. of Am., Inc.*,
    160 F. Supp. 2d 14 (D.D.C. 2001).........................................................................................4

*\*Nix El* v. *Williams*,
    174 F. Supp. 3d 87 (D.D.C. 2016).....................................................................................2, 4

*Nyambal* v. *Mnuchin*,
    245 F. Supp. 3d 217 (D.D.C. 2017).......................................................................................4

*\*Robinson* v. *Detroit News, Inc.*,
    211 F. Supp. 2d 101 (D.D.C. 2002).......................................................................................4

*\*Sheen* v. *United States*,
    2025 WL 1865113 (D.D.C. July 7, 2025)..............................................................................4

*United States* v. *Baroid Corp.*,
346 F. Supp. 2d 138 (D.D.C. 2004) ........................................................................................2

**PRELIMINARY STATEMENT**

Sur-replies, which are "generally disfavored" in this Court, are not appropriate where a reply brief advances arguments—even "for the first time"—within the "scope of the matters . . . raised in opposition." *Banner Health* v. *Sebelius*, 905 F. Supp. 2d 174, 188 (D.D.C. 2012) (Kollar-Kotelly, J.).  Plaintiffs' motion for leave to file a sur-reply—advanced a full *24 days* after the Republic filed its reply brief—should be denied.

In their June 23, 2025 Complaint, Plaintiffs exclusively relied on the application of U.S. federal law (the Foreign Sovereign Immunities Act ("FSIA")) to Section 19 of the Global Security to claim jurisdiction.  They alleged that the Republic has explicitly waived sovereign immunity under the FSIA because Section 19(b)—which waives immunity in this Court "solely for the purpose of enabling the Trustee or a Holder" to bring enforcement actions—applies to Plaintiffs who purported to be "valid Holders." (Compl. ¶¶ 16–20.)  In its February 2, 2026 Motion to Dismiss, the Republic demonstrated that Plaintiffs' pleaded theory fails because Plaintiffs are "beneficial owners" (Compl. ¶ 27)—not "Holder[s]" as defined in the contract—and because the FSIA requires any waiver be construed narrowly in the sovereign's favor.  (Arg Br. 9–10.)

In their March 2, 2026 Opposition, Plaintiffs pivoted to a new theory, invoking an unrelated contractual provision—Section 11—to argue that the waiver extends to beneficial owners. (Opp. 1–2, 15–21.)  Plaintiffs also submitted a 22-page English law expert declaration in support, arguing, for the first time, that "the Court may look to English law in discerning whether the Republic intended to treat beneficial owners . . . as if they are 'Holders' for the purposes of its [w]aiver." (Opp. 16.)  The Republic's March 27, 2026 Reply did what any reply does:  it responded to those new arguments, including by submitting a rebuttal expert declaration.

That is not a basis for a sur-reply.  Plaintiffs are not entitled to another brief and a second expert declaration simply because the Republic answered arguments that Plaintiffs first

raised in their Opposition.  As courts have "consistently observe[d]," where, as here, "arguments raised for the first time in reply fall 'within the scope of the matters . . . raised in opposition,' and the reply 'does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate.'"  *Banner*, 905 F. Supp. 2d at 188.  All the more so because Plaintiffs' proposed sur-reply merely "reiterate[s] arguments already made" in their Opposition regarding Section 11 and English law contract construction.  *Nix El* v. *Williams*, 174 F. Supp. 3d 87, 92 (D.D.C. 2016).

## ARGUMENT

In deciding an application to file a sur-reply, courts in this District will consider "whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted."  *Banner*, 905 F. Supp. 2d at 187 (denying leave to file a sur-reply); *see Greenbaum* v. *Islamic Republic of Iran*, 588 F. Supp. 3d 77, 80 n.3 (D.D.C. 2022) (same), *aff'd*, 67 F.4th 428 (D.C. Cir. 2023).  All these factors support denying Plaintiffs' motion to file a fourth brief here.[1]

1.     The Republic's Reply did not raise any "truly new" matters.  *United States* v. *Baroid Corp.*, 346 F. Supp. 2d 138, 143 (D.D.C. 2004).  Instead, it "simply respond[ed] to contentions made" in Plaintiffs' Opposition.  *Kiewit Power Constructors Co.* v. *Sec'y of Lab., U.S. Dep't of Lab.*, 959 F.3d 381, 393 (D.C. Cir. 2020).  Courts do not permit sur-replies where, as here, the reply "merely . . . responds to arguments raised by" the opposing party.  *Baptist Mem'l Hosp.* v. *Sebelius*, 765 F. Supp. 2d 20, 31 (D.D.C. 2011), *aff'd*, 2012 WL 1859132 (D.C. Cir. May 14, 2012).  In wrongly claiming that the Reply presents "new arguments and evidence," Plaintiffs

---

[1]     While omitting the first factor from their articulation of the legal standard (Pls. Br. 2), Plaintiffs nonetheless acknowledge it and repeatedly claim that the Republic raised new arguments in its Reply (*id*. at 2–4).

point to only: (1) "arguments regarding the scope and meaning of Section[] 11 of the Global Security" and "its interaction with Section 19"; and (2) Lord Goldsmith's expert opinion on English law contract construction, including as to "commercial common sense." (Pls. Br. 2–3.) But both of these issues were first raised in Plaintiffs' Opposition.

Although the Complaint contains no mention of Section 11, Plaintiffs made that provision the centerpiece of their Opposition, invoking it on the very first page to assert that, "by operation of" the final sentence in Section 11, Section 19(b)'s waiver of immunity in this Court "unequivocally extends to the Plaintiffs as beneficial owners." (Opp. 1–2, 15–19.) Thus, in its Reply, the Republic responded to this argument, pointing out that Section 11 does not address sovereign immunity or subject-matter jurisdiction and, consequently, "Plaintiffs' attempt to import unrelated language from [Section 11] to expand the scope of Section 19(b)'s limited waiver is fatally flawed under binding authority and the Global Security's plain language." (Reply 3, 6–10.)

Similarly, in their Complaint, Plaintiffs did not plead that English law has any bearing on this Court's jurisdiction, and instead alleged only that this Court has jurisdiction under U.S. federal law (the FSIA). (Compl. ¶¶ 16–20.) But changing course, Plaintiffs' Opposition asked the Court to interpret the Republic's waiver using English contract law principles set forth in a lengthy expert declaration. (Opp. 16–21.)[2] On Reply, the Republic continued to assert that federal law governs the dispositive issue of whether there is an explicit waiver under the FSIA, but it responded (as it was entitled to do) to Plaintiffs' English law arguments and submitted Lord Goldsmith's declaration to rebut Plaintiff's English law expert. (Reply 13–15.) Plaintiffs complain that the Republic "[r]el[ied] on the Goldsmith Declaration" to "advance[] a new

---

[2]    The sole reference to English law in the Complaint is a statement in the "Factual Background" section that the Securities were "issued under English law." (Compl. ¶ 26.)

argument that its interpretation of the Global Security is 'commercially sensible'" (Pls. Br. 3), but the Republic's argument is just the mirror image of Plaintiffs' contention that the Republic's interpretation is "decidedly uncommercial" (Opp. 21; Neuberger Decl. ¶ 28).[3]  Because Lord Goldsmith's declaration was "a direct response" to Plaintiffs' introduction of an English law expert declaration in their Opposition, the declaration and the Republic's use of it were "neither novel nor unexpected."[4]  *Bigwood* v. *U.S. Dep't of Def.*, 132 F. Supp. 3d 124, 154 (D.D.C. 2015).

In short, both arguments that Plaintiffs identify as supposedly "new"—Section 11 and English law construction, including as to commercial common sense—respond directly to positions first advanced in Plaintiffs' Opposition.  Because the Reply "contained no new arguments but rather responses to the [O]pposition," leave should be denied.  *Sheen* v. *United States*, 2025 WL 1865113, at *3 n.3 (D.D.C. July 7, 2025).

2.    The proposed sur-reply "would be of no assistance to the resolution of the pending motion" because it "simply . . . reiterate[s] arguments already made" or "reinforce[s] [Plaintiffs'] position" on the matters in dispute.  *Nix*, 174 F. Supp. 3d at 92; *Robinson* v. *Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (denying leave where a sur-reply "consists of

---

[3]    Plaintiffs also claim that Lord Neuberger had no chance to address "the general/specific canon" or "principles regarding surplusage" under English law raised by Lord Goldsmith.  (Pls. Br. 3.)  None of this was even mentioned in the Reply.  In any event, Lord Neuberger's decision not to address basic English law principles of contract construction in a declaration *about contract construction* does not justify a second declaration.  *Cf. Nyambal* v. *Mnuchin*, 245 F. Supp. 3d 217, 221–22 (D.D.C. 2017), *aff'd*, 2017 WL 5664980 (D.C. Cir. Nov. 8, 2017) (denying leave where a sur-reply "merely puts forth legal arguments" that "could have been put forth in th[e] opposition").

[4]    Plaintiffs cite three cases to argue that a sur-reply is warranted where "a new declaration [was] submitted with the reply brief." (Pls. Br. 2.)  Those cases dealt with reply declarations that raised new issues—not ones like Lord Goldsmith's that responded directly to the other side's arguments.  *See Doe* v. *Roman Catholic Diocese of Greensburg*, 2021 WL 12137383, at *2 (D.D.C. Feb. 12, 2021) (no affidavit was filed with opposition and reply affidavit presented new facts "for the first time"); *Lee* v. *Christian Coal. of Am., Inc.*, 160 F. Supp. 2d 14, 23–24 & n.4 (D.D.C. 2001) (three declarations filed with reply contained new factual assertions); *Alexander* v. *FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (reply declaration presented new facts "for the first time").

a reiteration of arguments"); *Freedman* v. *Suntrust Banks, Inc.*, 139 F. Supp. 3d 271, 276 (D.D.C. 2015) (denying leave to file a sur-reply "to bolster arguments" previously made in the opposition).

Plaintiffs merely reiterate points already made in their Opposition, including: (1) "English law should inform the meaning" of the waiver (*compare* Opp. 16 *with* Proposed Sur-reply 10);[5] (2) Section 11's limited acknowledgement regarding beneficial owners' contractual standing should expand Section 19(b)'s waiver beyond its plain language (*compare* Opp. 1–2, 15–19 *with* Proposed Sur-reply 4, 7–8); and (3) the Republic's interpretation is "commercially absurd" (*compare* Opp. 21 *with* Proposed Sur-reply 9–10). Sur-replies are "not a vehicle for rehashing arguments that have already been raised and briefed by the parties"; otherwise, "briefing would become an endless pursuit." *Crummey* v. *Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd*, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012). Plaintiffs are improperly trying to "get the last word," which does not help resolve the pending motion. *Bigwood*, 132 F. Supp. 3d at 154.

3.    Plaintiffs suffer no prejudice from being held to their Opposition—they already had a full opportunity to present arguments regarding Section 11 and English law contract construction. In contrast, allowing Plaintiffs to take more than three weeks to file an additional brief and expert declaration, while depriving the Republic of the chance to respond, would unduly prejudice the Republic. If the Court is inclined to grant Plaintiffs' motion, the Republic respectfully requests leave to respond to Plaintiffs' sur-reply and second expert declaration.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs leave to file a sur-reply.

---

[5]    As the Republic demonstrated, this Court need not address English law in ascertaining its jurisdiction under the FSIA (Arg Br. 5–6; Reply 13)—much less "place significant weight" on it (Proposed Sur-reply 2). The Court should ignore Plaintiffs' frivolous suggestion that the opinion of Lord Goldsmith, the former Attorney General of the U.K., should be given less weight because of the length of his judicial career (Pls. Br. 1 n.1), a statement not even made by Lord Neuberger.

Respectfully submitted,

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr. (NY Reg. No. 2309177)
Sergio J. Galvis (NY Reg. No. 1934264)
(*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
giuffrar@sullcrom.com
galviss@sullcrom.com

Amanda F. Davidoff (D.C. Bar No. 978033)
Thomas C. White (D.C. Bar No. 90010165)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C.  20006-5215
Telephone:    (202) 956-7500
Facsimile:    (202) 293-6330
davidoffa@sullcrom.com
whitet@sullcrom.com

*Counsel for the Republic of Argentina*

April 27, 2026

-6-

## CERTIFICATE OF SERVICE

Pursuant to Local Civil Rule 5.4(d), I hereby certify that, on April 27, 2026, I caused the foregoing Defendant The Republic of Argentina's Opposition to Plaintiffs' Motion for Leave to File Sur-reply in Further Opposition to Defendant's Motion to Dismiss the Complaint to be electronically filed via the Court's CM/ECF system, which effected service of the document upon all counsel of record.

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

*Counsel for the Republic of Argentina*