**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PALLADIAN PARTNERS, L.P.; HBK MASTER
FUND L.P.; HIRSH GROUP LLC; and VIRTUAL
EMERALD INTERNATIONAL LIMITED,

        *Plaintiffs*,

        -against-

THE REPUBLIC OF ARGENTINA,

        *Defendant*.

Case No.: 1:25-cv-01954-CKK

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE
TO FILE SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS THE COMPLAINT**

David M. Orta (D.C. Bar No. 462083)
Daniel Salinas-Serrano (D.C. Bar No. 974159)
Julianne F. Jaquith (D.C. Bar No. 1026471)
(*pro hac vice*)
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 13th Street NW
Suite 600
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
davidorta@quinnemanuel.com
danielsalinas@quinnemanuel.com
juliannejaquith@quinnemanuel.com

*Counsel for Plaintiffs Palladian Partners,
L.P., HBK Master Fund L.P., Hirsh Group
LLC, and Virtual Emerald International
Limited*

Dated: April 29, 2026

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................1
ARGUMENT .............................................................................................................................1
CONCLUSION...........................................................................................................................3

i

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Akers v. Beal Bank*,
  760 F.Supp.2d 1 (D.D.C. 2011)............................................................................................3

*Ben-Kotel v. Howard Univ.*,
  319 F.3d 532 (D.C. Cir. 2003)..........................................................................................1, 3

*Corson & Gruman Co. v. Nat'l Labor Relations Bd.*,
  899 F.2d 47 (D.C. Cir. 1990)...............................................................................................2

*Doe v. Exxon Mobil Corp.*,
  69 F. Supp. 3d 75 (D.D.C. 2014).........................................................................................1

*Flynn v. Veazey Const. Corp.*,
  310 F.Supp.2d 186 (D.D.C. 2004) .......................................................................................3

*Transam. S.S. Corp. v. Somali Democratic Republic*,
  767 F.2d 998 (D.C. Cir. 1985).............................................................................................2

*Wultz v. Islamic Republic of Iran*,
  2010 WL 4135913 (D.D.C. Oct. 20, 2010) ..........................................................................1

**INTRODUCTION**

The Republic maintains that "Plaintiffs are not entitled to another brief and a second expert declaration simply because the Republic answered arguments that Plaintiffs first raised in their Opposition." (Opp. 1–2.) But that is not what the Republic has done. The Republic, with its Reply, for the first time submitted its arguments under English law on what it considers to be the proper interpretation of the governing agreements, supported by a 36-page expert declaration from Lord Goldsmith—arguments and evidence that are nowhere found in the Republic's opening brief (ECF 19, "Arg. Br."). Plaintiffs have had no opportunity to respond to or contest the Republic's English law construction of the Global Security. Leave to file a sur-reply is "routinely" granted as here "when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading," *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (internal quotation marks omitted); *Wultz v. Islamic Republic of Iran*, 2010 WL 4135913, at \*2 (D.D.C. Oct. 20, 2010) (granting leave to file a sur-reply, where the defendant submitted an expert declaration on Israeli law and developed related arguments for the first time in its reply); *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014) (granting plaintiffs' leave "so they may respond to the additional cases raised" in the defendants' expert declaration on Indonesian law).

**ARGUMENT**

*First*, the Republic contends that its Reply did not raise any "truly new" matters because it "simply respond[ed] to contentions made" in Plaintiffs' Opposition. (Opp. 2.) This is not so. The Republic's English law arguments and evidence on construction were first presented in its Reply. It was incumbent upon the Republic to present its full construction of the governing contract in its opening brief, *see Corson & Gruman Co. v. Nat'l Labor Relations Bd.,* 899 F.2d 47, 50 n. 4 (D.C. Cir. 1990) (requiring parties to raise all arguments in opening briefs "to prevent sandbagging"),

1

because it bears the burden of establishing its affirmative defense of sovereign immunity. *Transam. S.S. Corp. v. Somali Democratic Republic*, 767 F.2d 998, 1002 (D.C. Cir. 1985).  The Republic chose not to do so.  In its 11-page brief, the Republic presented an extremely selective and partial reading of the Global Security, without mentioning at all the Republic Acknowledges Clause and without presenting any construction of the Global Security under its governing English law, despite the Republic's own acknowledgement that it "is governed by English law."  (Arg. Br. 2.)  The Republic cannot use its Reply to fill the gaps it deliberately omitted from its opening brief and then characterize its new arguments and expert evidence as merely "responsive."

To justify this sleight of hand, the Republic contends that it was Plaintiffs who "pivoted to a new theory" (Opp. 1), by invoking Section 11 and English law for the first time in their Opposition.  But this was not a "new theory."  In their Complaint, Plaintiffs pleaded that they were entitled to enforce the English Judgment in this Court as "Holders" (Compl. ¶ 20) and specified English law as the governing law of the Securities (*Id*. ¶ 26).[1]  The Republic thus knew when it presented its Motion to Dismiss that English law would be relevant to determining the scope of its waiver of sovereign immunity as the FSIA does not supply its own rules of contract interpretation, or supplant such foreign law principles when the relevant agreements are to be construed under foreign law.  Equally untenable is the Republic's suggestion that it could not have anticipated the issues relating to Section 11, because the entire predicate of the English proceedings was that Plaintiffs are regarded as Holders by operation of Section 11.  (ECF 25-1 at 7–8, 23–24.)

In any case, the Republic is not merely "responding" to arguments that Plaintiffs made in their Opposition, but rather is offering new affirmative grounds for construing the Republic's

---

[1]  The Complaint also pleads that Plaintiffs are beneficial owners of the Securities (Compl. ¶ 27) and that the English court has found that Plaintiffs are entitled to enforce the Judgment so long as they "retain holdings of the Securities" and abide by the terms of the Judgment (*Id.* ¶ 43).

waiver as not covering the present action, including: (a) that the general/specific canon requires Section 19(b) to override Section 11 (Goldsmith Decl. ¶ 60); (b) that Plaintiffs' reading renders Section 19(b) redundant (*id.* ¶ 63); (c) that Section 11 confers only contractual "standing" (*id.* ¶¶ 56–61); and (d) that the Republic's reading is commercially sensible because enforcement in Other Courts should be channeled through the Trustee or Holder (*id.* ¶¶ 59, 66(a)–(b)).  None of these arguments appeared in the Republic's opening brief, and Plaintiffs will be unable to contest if denied leave.  *Ben-Kotel*, 319 F.3d at 536; *Flynn v. Veazey Const. Corp.*, 310 F.Supp.2d 186, 189 (D.D.C. 2004).

*Second*, the proposed Sur-Reply (ECF 34-2) and Second Neuberger Declaration (ECF 34-3) would assist the Court in resolving the Republic's Motion to Dismiss, as they counter the Republic's and Lord Goldsmith's interpretations and address the scope of the Republic's waiver based on a proper construction of the Global Security.  *Akers v. Beal Bank*, 760 F.Supp.2d 1, 3 (D.D.C. 2011) (in deciding whether to grant leave, the Court considers helpfulness and prejudice). The Republic argues that the Proposed Sur-Reply and Second Neuberger Declaration merely "reiterate arguments already made." (Opp. 4.)  Not so.  They address the Republic's and Lord Goldsmith's new English law arguments that could *not* have been addressed in Plaintiffs' Opposition because they did not exist until the Republic's Reply.[2]  Consequently, no prejudice to the Republic would result and the Court should respectfully grant leave to Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion.

---

[2] The Republic's own request for leave to respond if the Sur-Reply is granted (Opp. 5) also undercuts its contention that additional briefing on the English law construction of the Global Security is unhelpful.  Plaintiffs do not believe that the Republic's response is necessary but defer to the Court's judgment.

Dated: April 29, 2026

Respectfully submitted,

  /s/ David M. Orta

David M. Orta (D.C. Bar No. 462083)
Daniel Salinas-Serrano (D.C. Bar No. 974159)
Julianne F. Jaquith (D.C. Bar No. 1026471)
(*pro hac vice*)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
555 13th Street NW
Suite 600
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
davidorta@quinnemanuel.com
danielsalinas@quinnemanuel.com
juliannejaquith@quinnemanuel.com

*Counsel for Plaintiffs Palladian Partners, L.P.,*
*HBK Master Fund L.P., Hirsh Group LLC, and*
*Virtual Emerald International Limited*